UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Andrew G. Zukowski,

  Plaintiff,

              Case No. 2:09-cv-662
v.              Judge Michael H. Watson
               Magistrate Judge Kemp

Steven Germain, et al.,

  Defendants.

## OPINION AND ORDER

This case concerns allegations of conspiracy and civil rights violations stemming from the September 29, 2008 arrest of Plaintiff Andrew Zukowski ("Plaintiff"). Plaintiff, who is proceeding pro se, asserts that this Court has jurisdiction over the claims pursuant to 28 U.S.C. § 1343(a)(3) and 5 U.S.C. § 2302 *et seq.*[1] In his Complaint (Doc. 1.), Plaintiff seeks compensatory and punitive damages, the return of money paid as a down payment for a car, the return of money allegedly taken by the Franklin County Sheriff, damages for pain and suffering, damages for involuntary medication, blood draws, and allegedly unlawful charges made to Medicare, and lastly, that his medical expenses be paid by Defendant Germain. Plaintiff now moves for transfer of venue[2] to either the U.S. District Court in the Southern District of Ohio, Western Division, or to the

---

[1] Plaintiff cites 5 U.S.C. § 2302(2)(A D(x)), (2)(9,10,11e) [sic] as a basis for federal subject matter jurisdiction. The Court cannot determine specifically which statute Plaintiff refers to, as this section is nonexistent and undecipherable, but the Court comments generally on 5 U.S.C. § 2302, *et seq.*

[2] Plaintiff titles his motion "Plaintiff's Motion for Urgent Removal the case to" (Doc. 23) but properly understood, this motion seeks to transfer venue rather than to remove the case.

U.S. District Court in the District of Columbia. Plaintiff further moves for disciplinary action against two attorneys who represent certain Defendants in this case. Defendants Dr. Soehner and Ohio Department of Mental Health ("ODMH") move for dismissal for lack of subject matter jurisdiction and for failure to state a claim.

## I. FACTS

### A. Parties

Plaintiff is a resident of Whitehall, Ohio. In this case, filed July 30, 2009, Plaintiff sues seven defendants. First, Plaintiff sues Steven Germain, of Columbus, Ohio, the owner of the Columbus car dealership at which Plaintiff was arrested. Second, Plaintiff sues Brian Kramer, of Columbus, Ohio, the manager of the dealership at which Plaintiff was arrested. Third, Plaintiff sues Joseph Houseberg, the arresting officer, a member of the Columbus Police Department. Fourth, Plaintiff sues Dr. Soehner, of Columbus, Ohio, an employee of Twin Valley Behavioral Healthcare ("Twin Valley"). Fifth, Plaintiff sues ODMH. Sixth, Plaintiff sues the State of Ohio Office of Budget and Management, Treasurer.[3] Seventh, Plaintiff sues Dr. Michael Mizenko, who presumably treated Plaintiff during his stay at Riverside Methodist Hospital, located in Columbus, Ohio.

### B. Allegations

The following allegations are taken from Plaintiff's Complaint and pleadings. On September 29, 2008, Plaintiff visited the Germain car dealership, Mercedes-Benz of Easton. (Compl. (Doc. 1) 3.) At that time, Kramer, the manager of the dealership,

---

[3] Plaintiff lists Defendant as "State of Ohio Office of Bud. Treasure" and lists the address for this Defendant as "30 East Broad St. 11-floor, Columbus, OH 43215". (Compl. 2.) The Court has not received any proof of service of process on this Defendant, nor is it certain this Defendant exists.

asked Plaintiff to leave the premises. (Compl. Attach. (Doc. 1–1) 6.) Plaintiff refused, and in response, Kramer called the police. (Compl. 3, Compl. Attach. 6.) Officer Householder arrived at the scene. In front of Householder, Kramer requested that Plaintiff leave the premises. (Compl. Attach. 6.) Plaintiff again refused, and Officer Houseberg arrested Plaintiff, handcuffed him, and put him in the back of a squad car. (Compl. 3.) Plaintiff was transported to Franklin County Corrections Center I ("FCCCI") where he was jailed for thirty-eight hours. (Compl. Attach. 4A.)

On October 1, 2008, Plaintiff was taken to the Franklin County Municipal Court, and charged under OHIO REV. CODE § 2911.21(a)(4) for criminal trespass. (Compl. Attach. 6–7.) He appeared before Judge Janet Grubb, who, upon learning Plaintiff was under a pink-slip order[4] issued by Dr. Soehner, dismissed the complaint against Plaintiff so as to allow him to undergo further psychiatric evaluation. (Compl. Attach. 7.) Plaintiff was then transported to Netcare Access, a mental health care provider. (Compl. Attach. 4B.) There he was interviewed by Netcare Access employees and subsequently transferred to Riverside Methodist Hospital's prison unit. (*Id.*)

Plaintiff remained at Riverside Methodist Hospital from October 2, 2008 until October 8, 2008, when he was transported to Twin Valley. (Compl. 3.) Plaintiff remained at Twin Valley involuntarily until November 18, 2008. (*Id.*) Plaintiff alleges that while at Twin Valley he was "under oppressive control and tortured by the [Ohio] police. . . ." and was forced to take psychotropic medication that resulted in the swelling of Plaintiff's legs. (*Id.*) Plaintiff also alleges he was forced to give blood. (*Id.*)

---

[4] A "pink slip" is an Application for Emergency Admission to a mental health facility (Ohio Department of Mental Health form DMH-0025).

Plaintiff filed this action on July 30, 2009.  He requests: (1) compensatory and punitive damages for the fifty-one days he was confined (two days at FCCCI, one day at Netcare Access, forty-eight days at Twin Valley); (2) the return of $250.00 from the Germain dealership with interest accruing since September 29, 2008; (3) the return of $29.00 taken by the Franklin County Sheriff's Office with interest accruing since September 29, 2008; (4) damages for the pain and suffering stemming from his swollen legs; (5) damages for the forced medication and blood draws as well as for the submission of allegedly unlawful charges to Medicare; and (6) the payment of his medical expenses by Defendant Germain.  (Compl. 4.)

Plaintiff now moves for transfer of venue (Doc. 23), for disciplinary action against two attorneys involved with this case (Doc. 28), for a pre-hearing (Doc. 10) and petitions to halt the proceedings (Doc. 16).  Defendants Soehner and ODMH move for dismissal based on lack of subject matter jurisdiction and failure to state a claim.  (Doc. 6.)  The Court addresses each motion in turn.  The Court **GRANTS** Defendants Soehner and ODMH's Motion to Dismiss.  (Doc. 6.)  The Court **DENIES** Plaintiff's Motion to Transfer Venue to the Western Division of the Southern District of Ohio or to the District Court in the District of Columbia.  (Doc. 23.)  The Court **DENIES** Plaintiff's Motion for Disciplinary Action.  (Doc. 28.)  The Court **DENIES** Plaintiff's Motion for Pre-Hearing.  (Doc. 10.)  The Court **DENIES** Plaintiff's Petition to Halt.  (Doc. 16.)

## II. STANDARD OF REVIEW

### A. Standard of Review for a Motion to Dismiss for Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1)

"Because federal courts are courts of limited jurisdiction, the plaintiff must

establish subject matter jurisdiction." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005). "A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) may either attack the claim of jurisdiction on its face or can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). When analyzing a facial, rather than factual attack for lack of subject matter jurisdiction, "'the court must consider the allegations of the complaint as true[,]'" *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 890 (3d Cir. 1977)), and "the plaintiff's burden to prove the federal question subject matter jurisdiction is not onerous." *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996) (citing *RMI Titanium Co.*, 78 F.3d at 1134). "The plaintiff must show only that the complaint alleges a claim under federal law, and that the claim is 'substantial.' A federal claim is substantial unless 'prior decisions inescapably render [it] frivolous.'" *Musson*, 89 F.3d at 1248 (alteration in original) (quoting *Transcont'l Leasing v. Mich. Nat'l Bank of Detroit*, 738 F.2d 163, 165 (6th Cir. 1984)); *see also Bd. of Trustees v. City of Painesville*, 200 F.3d 396, 398 (6th Cir. 1999). "In short, when faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim made." *Musson*, 89 F.3d at 1244; *e.g., Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 611 (6th Cir. 2008).

### B. Standard of Review for a Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6)

A claim survives a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555–56 (internal citations omitted).

A court also must "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002) (citing *Tucker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998)). In doing so, however, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause will not do." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). The Court must read *Twombly* in conjunction with Federal Rule of Procedure 8(a)(2), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Gunaskera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). "[A] naked assertion . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility. . . ." *Twombly*, 550 U.S. at 557. Thus, "something beyond a mere possibility of [relief] must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value."

*Id*. at 557–58 (internal citations omitted).

## III. ANALYSIS

### A. Defendants' Motion to Dismiss

Defendants Soehner and ODMH move for dismissal for lack of subject matter jurisdiction and failure to state a claim. Defendants Soehner and ODMH argue the Court lacks subject matter jurisdiction over the claims against them because the cited jurisdictional statutory bases are either inapplicable or factually unsupported. Also, Defendants ODMH and Soehner argue the Eleventh Amendment and the doctrine of qualified immunity, respectively, bar claims against them. Furthermore, Defendants Soehner and ODMH argue Plaintiff's failure to mention them in the Complaint requires dismissal for failure to state a claim.

Plaintiff responds the Motion should be denied because Plaintiff asserts claims against Defendants Soehner and ODMH under 42 U.S.C. § 1985. In his Response, Plaintiff alleges Defendants Soehner and ODMH conspired to deprive him of civil liberties by placing Plaintiff into Riverside Hospital and Twin Valley under police force in order to defraud Medicare and insurance. (Pl.'s Resp. to Defs.' Mot. to Dismiss (Doc. 11) 2.) As this is the first time allegations against these two Defendants have been provided, the Court takes Plaintiff's Response as a motion to amend the complaint, but even if granted, such a motion and the resulting amendment would fail to save the claims at issue in this Motion.

#### 1. Subject Matter Jurisdiction

Defendants Soehner and ODMH argue the jurisdictional statutes cited, 28 U.S.C.

§ 1343(a)(3) and 5 U.S.C. § 2302 *et seq.*, fail to confer subject matter jurisdiction to this Court for the claims against them. If the Court accepts Plaintiff's Response to the Motion as a Motion to Amend the Complaint and the Complaint is amended, 28 U.S.C. § 1343(a)(3) would confer subject matter jurisdiction on this Court for these claims. 5 U.S.C. § 2302 *et seq.*, however, would still be inapplicable because it governs employment practices within the federal government and is unrelated to this claim.

Section 1343(a)(3) confers subject matter jurisdiction to federal district courts for cases involving deprivations of civil rights. Plaintiff's Response purports to assert civil rights claims against Defendants Soehner and ODMH under 42 U.S.C. § 1985(3). If the Complaint is so amended, § 1343(a)(3) would be a proper jurisdictional basis. The claim would still fail, however, for reasons listed below.

### 2. Eleventh Amendment Immunity and Qualified Immunity

Defendants ODMH and Soehner assert that even if the Court has subject matter jurisdiction over the claims asserted against them, the claims are barred by the Eleventh Amendment and the doctrine of qualified immunity, respectively. A dismissal pursuant to an Eleventh Amendment defense may be granted pursuant to a 12(b)(6) motion. *Darwall v. Mich. Dep't of Corr.*, 933 F.2d 1007 (6th Cir. 1991) (affirming dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for Eleventh Amendment immunity). The defense of qualified immunity is properly understood as "an affirmative defense as well as a proper subject of a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted." *Swart v. Pitcher*, No. 92-2401, 1993 WL 406802 (6th Cir. Oct. 8, 1993); *accord Vaughn v. U.S. Small Bus. Admin.*, 65 F.3d 1322, 1325 n.1 (6th Cir. 1995) ("Government officials are entitled to assert claims of

qualified immunity prior to the onset of discovery in the form of a Fed. R. Civ. P. 12(b)(6) motion to dismiss." (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Siegert v. Gilley*, 500 U.S. 226, 232 (1991))).

The Eleventh Amendment to the United States Constitution prohibits suits against states unless the state consents. U.S. CONST. amend. XII; *Hans v. Louisiana*, 134 U.S. 1, 20 (1890) (states "cannot be made the subjects of judicial cognizance unless the state consents to be sued or comes itself into court"). State agencies are similarly immune to suit, unless the agency or state consents. *Begun v. Ohio St. Med. Bd.*, 872 F.2d 1023 (6th Cir. 1989); *Hosseinipour v. St. Med. Bd. of Ohio*, No. 2:08-cv-1205, 2009 WL 1047357, at *3 (S.D. Ohio Apr. 16, 2009). ODMH is an agency of the State of Ohio. *See* OHIO REV. CODE §§ 121.02(K), 5119.02, 5119.03, 5119.06. "Courts have recognized two other exceptions to the Eleventh Amendment besides consent: (1) when Congress has properly abrogated the States' immunity or (2) when the *Ex Parte Young* doctrine is applicable." *Hosseinipour*, 2009 WL 1047357, at *4. Congress has not, for the purposes of 42 U.S.C. § 1985, abrogated states' immunity; the Sixth Circuit has found that claims against states and state agencies under 42 U.S.C. § 1985 are barred by Eleventh Amendment immunity. *McCrary v. Ohio Dep't of Human Servs.*, No. 99-3597, 2000 WL 1140750, at *3 (6th Cir. Aug. 8, 2000); *Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 WL 37824, at *2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985."). The *Ex Parte Young* exception, pursuant to which a federal court may *enjoin* a state official from interfering with federal rights, *Hosseinipour*, 2009 WL 1047357, at *4 (citing *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507–08 (6th Cir.

2008)), is similarly inapplicable to this claim for only monetary relief. Thus, Plaintiff's claim against Defendant ODMH is barred by the Eleventh Amendment.

Defendant Soehner asserts he is entitled to immunity from suit under the doctrine of qualified immunity because he is a state actor engaged in discretionary activities who is sued for civil damages. Upon a defendant's assertion of the affirmative defense of qualified immunity, the plaintiff is to present facts which "'show not only violations of constitutional rights, but also that these rights were so clearly established when the acts were committed that any officer in the defendant's position, measured objectively, would have clearly understood that he was under an affirmative duty to have refrained from such conduct.'" *Noble v. Schmitt*, 87 F.3d 157, 161 (6th Cir. 1995) (quoting *Dominique v. Telb*, 831 F.2d 673, 676 (6th Cir. 1987)). In this case, Plaintiff has failed to make such a showing.

Even if the Court considered every allegation regarding Defendant Soehner made in the entire body of the record, which it need not do, the allegations would only read as follows: Dr. Soehner, acting as jail psychiatrist at FCCCI, issued an allegedly unlawful pink slip for Plaintiff; (Pl.'s Appl. for Pre-Hr'g Aff.(Doc. 10–1) ¶¶ 6–7) and Dr. Soehner participated in a conspiracy to involuntarily commit Plaintiff in an attempt to collect money from Medicare and an insurance company. (Pl.'s Resp. to Defs.' Mot. to Dismiss 2.) While the Court, for the purposes of this analysis, accepts the factual statements as true, it need not accept as true either conclusions of law or unwarranted assertions of fact. *Weinberger v. Grimes*, No. 07-6461, 2009 WL 331632, at *3 (6th Cir. Feb. 10, 2009); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Cloke v. Moore*, No. 1:09cv572, 2010 WL 883709, at *2 (S.D. Ohio Mar. 10, 2010).

The allegation that the pink slip was "unlawful" is a conclusion of law, and the Court need not accept it. The Court need not accept the second statement either, which provides only the conclusory, unwarranted assertion of Soehner's mindset and the conclusion of law that a conspiracy existed. Thus, to determine if Defendant Soehner is entitled to qualified immunity, the Court considers only whether by signing the pink slip Soehner clearly violated federal law.

Plaintiff does not allege any additional facts for the Court to consider, such as whether signing the pink slip occurred in a manner that did not comply with state regulations. Therefore, the question is whether signing a pink slip violates federal law. It does not. Ohio statutory law codifies the ability of psychiatrists and others to compel involuntary emergency hospitalization in certain situations. OHIO REV. CODE § 5122.10. Nothing in the record suggests the procedural requirements of this section were not followed. There are no cases, as far as the Court is aware, that have determined the procedures required by Ohio Revised Code § 5122.10 are not sufficient to meet the standards of due process. *In re Miller*, 63 Ohio St. 99, 101 (Ohio 1992) (Chapter 5122 provides "the statutory scheme to be followed so that the patient's due-process rights receive adequate attention."). Thus, there was no violation of federal law so clearly established that any psychiatrist in Defendant Soehner's position would have known of its existence. Accordingly, Defendant Soehner is entitled to qualified immunity for the claim surrounding his recommendation of psychiatric review of Plaintiff.

### 3. Failure to State a Claim

However, even if this Court did have jurisdiction over Plaintiff's claim against Defendant Soehner, Plaintiff fails to allege facts which, if accepted as true, state a claim

to relief that is plausible on its face. At the outset, the Court again notes that the face of the Complaint does not contain any allegations involving Defendant Soehner. The only mention of Defendant Soehner appears in an exhibit attached to the Complaint. This exhibit is an entry issued by Judge Janet Grubb of the Franklin County Municipal Court which states that "[u]pon learning that defendant is currently under a pink-slip order by jail psychiatrist, Dr. Soehner, the Court hereby withdraws its order for a Competency Evaluation." In his Response to the Motion to Dismiss, Plaintiff makes brief mention of Defendant Soehner as the jail psychiatrist and indicates that Defendant Soehner was one of "the Defendants who conspired and combined to deprivation civil liberty of individual Andrew G. Zukowski . . . ." (Pl.'s Resp. to Defs.' Mot. to Dismiss 2). Based on this language, it may be that Plaintiff is attempting to allege some type of due process violation. To the extent the Court could liberally construe these statements as alleging that Defendant Soehner was part of a conspiracy in violation of 42 U.S.C. § 1985, Plaintiff's claim still fails.

Section 1985(3) prohibits a conspiracy "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). To state a claim under the statute, a plaintiff must allege that the defendants (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and (5) and that the conspiracy was motivated by racial, or other class-based invidiously discriminatory animus. *See*

*Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005).

Conspiracy claims under 42 U.S.C. § 1985 must be pled with the same specificity as conspiracy claims under § 1983. *Stewart v. Wilkinson*, No. 2:03-cv-0687, 2008 WL 2674843, at *10 (S.D. Ohio July 7, 2008). Conspiracy claims under 42 U.S.C. § 1983 must be pled with some degree of specificity; vague and conclusory allegations unsupported by material facts are not sufficient to state a claim. *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003). Plaintiff's Complaint fails to meet this standard.

Further, even if a conspiracy had been properly pled, not every conspiracy to deprive someone of his or her constitutional rights is actionable under § 1985. Rather, the deprivation must be motivated by some class-based discriminatory animus. *United Brotherhood of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825 (1983); *Griffin v. Breckenridge*, 403 U.S. 88 (1971). Section 1985 applies only to those "classes of insular minorities that were intended to receive special protection under the Equal Protection Clause of the Constitution. . . ." *Averitt v. Cloon*, 796 F.2d 195, 198 (6th Cir. 1986). The failure to allege membership in a protected class, and discrimination based upon such class membership, requires dismissal of any claim under § 1985(3). *Norris v. Stark County, Ohio*, No. 94-4142, 51 F.3d 272, 1995 WL 149137 at *2 (6th Cir. 1995).

Here, Plaintiff makes no specific allegations of a plan or concerted actions between Defendant Soehner and any other Defendants. Nor did he allege that any deprivation of liberty he suffered was motivated by any class-based discriminatory animus. Under these circumstances, Plaintiff fails to state a claim under 42 U.S.C. § 1985 against Defendant Soehner. Further, to the extent that Plaintiff's claim could be

construed as arising under 42 U.S.C. § 1983, he makes, at best, only vague and conclusory allegations insufficient to state a claim. Consequently, the Motion to Dismiss will be granted as to Defendant Soehner.

While the Court understands Plaintiff's displeasure with his involuntarily commitment, under federal law Defendants Soehner and ODMH are immune to this suit and Plaintiff fails to allege facts sufficient to state a claim to relief that is plausible on its face. As such, the claims against Defendants Soehner and ODMH are dismissed.

## B. Plaintiff's Motion to Transfer Venue

Plaintiff moves to transfer venue to either the Southern District of Ohio, Western Division in Cincinnati, Ohio, or the United States District Court for the District of Columbia. (Pl.'s Mem. in Supp. of Mot. for Urgent Removal (Doc. 23) 2.) In his Memorandum in Support, Plaintiff requests the transfer of venue because he fears he cannot obtain a fair and impartial proceeding in the Southern District of Ohio, Eastern Division Courthouse in Columbus, Ohio. (*Id.*) Plaintiff supports this assertion with a reference to two incidents that happened at the Joseph P. Kinneary U.S. Courthouse in Columbus, Ohio. As a result of an altercation in the U.S. Courthouse in Columbus, Ohio, in 1997, Plaintiff was handcuffed by federal marshals. (*Id.*) He has been denied entry to the U.S. Courthouse in Columbus since 2001. (*Id.*) While this Court disagrees with the assertion that it cannot provide a fair and impartial proceeding, it understands that Plaintiff perceives otherwise.

Defendant Mizenko, joined by Defendants Householder, Soehner, ODMH, Kramer, and Germain oppose this motion and list a number of objections to such a transfer. (Docs. 24–27.) They begin with convenience factors that weigh in favor of

keeping the case in the Southern District of Ohio, Eastern Division: all parties reside in or around Columbus, Ohio, all relevant events occurred in Columbus, Ohio, and all witnesses reside in Columbus, Ohio. (Def.'s Mem. in Opp. to Pl.'s Mot. for Urgent Removal (Doc. 24) 3–4.) Most importantly, though, Defendants direct the Court's attention to the last clause of 28 U.S.C. § 1404(a), which limits a transfer of venue to those districts or divisions in which the case might have been brought. No party challenges the appropriateness of the Southern District of Ohio, but where Defendants take issue, and the Court agrees, is with transfer from the Eastern to the Western Division of the Southern District.

District courts have the option of adopting division-specific, binding, local rules limiting where cases may properly be brought, and the Southern District of Ohio has done so. *Svete v. Wunderlich*, 2:07-CV-156, 2009 WL 3028995, at *6 (S.D. Ohio Sept. 26, 2009); *GCG Austin, Ltd. v. City of Springsboro, Ohio*, 284 F. Supp. 2d 927, 929 (S.D. Ohio 2003). According to S.D. Ohio R. 82.1(c), "[a]n action against a defendant or defendants resident in this district shall be filed at the location of Court which embraces a county in which at least one defendant resides." In this case, it appears all Defendants reside in Franklin County, which is in the Eastern District. S.D. Ohio R. 82.1(b). More importantly, no Defendant is a resident of any county in the Western Division. Therefore, while the Court is mindful of Plaintiff's concerns, transfer to the Western Division would be improper.

Similarly, transfer to the District Court for the District of Columbia would be improper. This Court, without consent of all parties to such a transfer, may only transfer venue to a district or division where such a case could be brought. 28 U.S.C. §

1404(a). In this case, the determination of the proper district for venue purposes is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

In this case, all Defendants reside in or around Columbus, Ohio, so the Southern District in Ohio is proper, but no Defendant lives in the District of Columbia. Furthermore, all events occurred in Ohio and none occurred in the District of Columbia. The Southern District of Ohio is an available venue, so the final provision, § 1391(b)(3), is inapplicable. Thus, transfer of venue to the District Court in the District of Columbia would be improper. Plaintiff's Motion to Transfer Venue is denied.

## C. Plaintiff's Motion for Disciplinary Action[5]

Plaintiff alleges two attorneys involved in this case have conspired against him. (Doc. 28.) One attorney represents Defendant Mizenko, the other represents Defendant Houseberg. As evidence of this conspiracy, Plaintiff directs the Court's attention to the Memorandum in Opposition to Plaintiff's Motion For Urgent Removal of the Case submitted by one attorney (Doc. 24) and the Joinder to the Memorandum submitted by the other attorney (Doc. 25), and the fact that both attorneys acted before they received a mailed copy of Plaintiff's docketed copy of the Motion For Urgent

---

[5] Plaintiff titles this request "Notice for Disciplinary Action Against" but the Court takes it to be a Motion for Disciplinary Action. (Doc. 28.)


Removal. The Court denies what it takes as a motion by Plaintiff requesting disciplinary action.

Plaintiff has provided the Court with no evidence of any misconduct by the attorneys involved in this case. The District Court's electronic filing system generates and sends automatic email messages to notify parties of court filings. Because these automatic emails are sent out immediately upon filing, recipients receive the emails and have electronic access to the filings before they receive a copy in the mail. It is not improper to respond before receiving a hard copy of the filing in the mail. Furthermore, joinder is a common procedural device used to promote efficiency. It is not improper for an attorney to join another's motion. The Court denies Plaintiff's Motion for Disciplinary Action.

### D. The Remaining Motions

With respect to Plaintiff's request for a pre-hearing, because this motion relates to the claims against Defendant Soehner and the Ohio Department of Mental Health, it will be denied as moot.

Turning to the petition to halt, Plaintiff indicated in that petition that he no longer wished to pursue this action. His conduct since the filing of that petition belies any intention he may have had to discontinue this litigation. Consequently, the petition to halt will be denied as moot.

### IV. DISPOSITION

Based on the above, the Court **GRANTS** Defendants Soehner and ODMH's Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. (Doc. 6.) Plaintiff's claims against Defendants Soehner and ODMH are dismissed

**WITH PREJUDICE.** The Court **DENIES** Plaintiff's Motion for Urgent Removal (which the Court takes as a Motion for Transfer of Venue to the Southern District of Ohio, Western Division or the U.S. District Court in the District of Columbia). (Doc. 23.) The Court **DENIES** Plaintiff's Notice for Disciplinary Action Against (which the Court construes as a Motion for Disciplinary Action). (Doc. 28.) The Court **DENIES** Plaintiff's Motion for Pre-Hearing. (Doc. 10.) The Court **DENIES** Plaintiff's Petition to Halt. (Doc. 16.)

    **IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**